PROB 12B
(7/93)

# United States District Court

for

*District of Guam*



FILED
DISTRICT COURT OF GUAM
NOV 17 2006 nbo
MARY L.M. MORAN
CLERK OF COURT

**Report for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearings is Attached)*

Name of Offender     **Carmelita Leon Guerrero Eay**          Case Number: **CR02-00072-001**

Name of Sentencing Judicial Officer:     John S. Unpingco

Date of Original Sentence:     February 6, 2003

Original Offense:     Theft, Embezzlement and Misapplication of Bank Funds by Bank Employee, in violation of 18 U.S.C. § 656.

Original Sentence:     Sixteen months imprisonment and five years supervised release to follow. Special conditions ordered the defendant to participate in drug treatment and testing; submit to a mental health intake assessment and any recommended treatment; obtain and maintain lawful employment; pay $77,275.36 restitution; not incur any new credit charges or open additional lines of credit without the U.S. Probation Office's approval unless she is in compliance with the payment schedule; provide the U.S. Probation Office access to all financial information; perform 200 hours of community service; and pay a $100 special assessment fee.

Type of Supervision:     Supervised Release          Date Supervision Commenced:     April 2, 2004

## PETITIONING THE COURT

☐ To extend the term of supervision for ____ years, for a total term of ____ years.

☒ To modify the conditions of supervision as follows:

1. The defendant shall perform 100 hours of community service at the direction of the U.S. Probation Officer.

ORIGINAL

Report for Modifying the
Conditions or Term of Supervision
with Consent of Offender

page 2

## CAUSE

On October 11, 2006, Carmelita Eay reported to the U.S. Probation Office for a compliance meeting. Specifically, she was confronted for her failure to submit monthly supervision reports since July 2005, failure to seek employment and failure to make restitution payments since April 2006. She acknowledged her violations and conceded that she had no excuse. She related that she has had difficulty coming to terms with her criminal conviction and that she was also still grieving her father's death in August 2005. In addition, she stated she hasn't made good faith efforts to seek employment since being terminated from her last employment as a secretary for the Guam Habitat for Humanity in April 2006. As such, she has been unable to pay restitution. Ms. Eay apologized for her violations and expressed a desire to return to full compliance. This Officer instructed her to report weekly for job search verification and assistance, and to submit all outstanding monthly supervision reports. She was offered to participate in mental health counseling to address her stated issues, which she declined and assured no further violations. She denied any thoughts of suicide and offered no reason why she could not return to compliance.

On October 24, 2006, Ms. Eay was again instructed to report for a compliance meeting for failure to report to the probation office for job search verification/assistance (October 16, 23, 2006), and for failure to submit all outstanding monthly supervision reports as previously instructed. She related that she forgot about her weekly job search appointments and was still in the process of preparing her monthly supervision reports for submission. Ms. Eay was admonished for her continuing failures to comply and she apologized for not taking her conditions more seriously.

For her violations outlined above, Ms. Eay agreed with this Officer to a modification of her conditions of supervision to include an order that she perform 100 hours of community service.

Except as outlined above, Ms. Eay is in compliance with her conditions of supervision. Specifically, she completed 200 hours of community service on June 2, 2004 and paid the $100 special assessment fee on February 6, 2003. Ms. Eay remains unemployed at this time, however, and reports weekly to the probation office for job search verification and assistance. Upon securing employment, Ms. Eay will resume restitution payments accordingly.

Based on the information above, the probation officer respectfully requests that the Court modify the conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(2) as outlined above. Attached is Probation Form 49, Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision, with Ms. Eay's consent to the modification. Her progress will continue to be monitored and any further noncompliance will be reported to the Court accordingly.

Reviewed by:  
ROSSANNA VILLAGOMEZ-AGUON  
U.S. Probation Officer  
Supervision Unit Leader  
Date: NOV. 16, 2006

Respectfully submitted,  
by: ROBERT I. CARREON  
U.S. Probation Officer  
Date: 11/15/06

## THE COURT ORDERS

[ ] No Action

[ ] The Extension of Supervision as Noted Above.

[✓] The Modification of Conditions as Noted Above.

[ ] Other   Issuance of a: [ ] Summons   [ ] Warrant

HON. FRANCES TYDINGCO-GATEWOOD  
Chief Judge  
District of Guam  
Date: 11-17-06

RECEIVED  
NOV 16 2006  
DISTRICT COURT OF GUAM  
HAGATNA, GUAM

PROB 49
(3/89)

# United States District Court

for

*District of Guam*

## Waiver of Hearing to Modify Conditions
## of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

1. The defendant shall perform 100 hours of community service at the direction of the U.S. Probation Officer.

Witness: ROBERT I. CARREON
U.S. Probation Officer

Signed: CARMELITA LEON GUERRERO EAY
Probationer or Supervised Releasee

Date: 10/04/06