PROB 12C
(7/93)

# United States District Court

for

*District of Guam*

FILED
DISTRICT COURT OF GUAM
MAR 22 2007
MARY L.M. MORAN
CLERK OF COURT

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: **Carmelita Leon Guerrero Eay**    Case Number: **CR02-00072-001**

Name of Sentencing Judicial Officer:    John S. Unpingco

Date of Original Sentence:    February 6, 2003

Original Offense:    Theft, Embezzlement and Misapplication of Bank Funds by Bank Employee, in violation of 18 U.S.C. § 656.

Original Sentence:    16 months imprisonment and five years supervised release to follow. Special conditions ordered the defendant to participate in drug treatment and testing; submit to a mental health intake assessment and any recommended treatment; obtain and maintain lawful employment; pay $77,275.36 restitution; not incur any new credit charges or open additional lines of credit without the U.S. Probation Office's approval unless she is in compliance with the payment schedule; provide the U.S. Probation Office access to all financial information; perform 200 hours of community service; and pay a $100 special assessment fee. **Informational Violation Report filed on November 9, 2004. Conditions modified on November 17, 2006**, to require the defendant perform 100 hours of community service as a sanction for noncompliance. **Conditions modified on February 5, 2007**, to require the defendant participate in mental health counseling, perform community service at a minimum rate of 24 hours per week, and pay restitution at a minimum monthly rate of $150.00, as a sanction for noncompliance.

Type of Supervision:    Supervised Release    Date Supervision Commenced: April 2, 2004

Assistant U.S. Attorney:    Marivic P. David    Defense Attorney: John T. Gorman

## PETITIONING THE COURT

[ ] To issue a warrant
[X] To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number    Nature of Noncompliance [All in violation of 18 U.S.C. § 3583(d)]

1.    Failure to perform community service.
2.    Failure to obtain/maintain gainful employment.
3.    Failure to pay restitution.
4.    Failure to follow the instructions of the probation officer.

U.S. Probation Officer Recommendation:

☐ The term of supervision should be

☒ revoked.

☐ extended for _____ years, for a total term of _____ years.

☐ The conditions of supervision should be modified as follows:

**Please see attached *Declaration in Support of Petition, Violation of Supervised Release Conditions; Request for a Summons*, submitted by U.S. Probation Officer Robert I. Carreon.**

| Reviewed by: | Reviewed by: | I declare under penalty of perjury that the forgoing is true and correct. |
|---|---|---|
| ROSSANNA VILLAGOMEZ-AGUON<br>U.S. Probation Officer<br>Supervision Unit Leader<br>Date: 3/13/07 | MARIVIC P. DAVID<br>Assistant U.S. Attorney<br>Date: 3/16/07 | by: ROBERT I. CARREON<br>U.S. Probation Officer<br>Executed on: 3/14/07 |

**THE COURT ORDERS:**

☐ No Action.

☐ The Issuance of a Warrant.

☒ The Issuance of a Summons.

☐ Other



RECEIVED
MAR 20 2007
DISTRICT COURT OF GUAM
HAGATNA, GUAM

HON. FRANCES M. TYDINGCO-GATEWOOD
Chief Judge
District of Guam

3/20/07
Date

# VIOLATION WORKSHEET

1. Defendant  **Carmelita Leon Guerrero Eay**
2. Docket Number (Year-Sequence-Defendant No.)  **CR 02-00072-001**
3. District/Office  Guam
4. Original Sentence Date  2 / 6 / 03
   (month / day / year)

(If different than above):

5. Original District/Office  N/A
6. Original Docket Number (Year-Sequence-Defendant No.)  N/A

7. List each violation and determine the applicable grade (see §7B1.1(b))

| Violation(s) | Grade |
|---|---|
| • Failure to perform community service. | C |
| • Failure to obtain/maintain gainful employment. | C |
| • Failure to pay restitution. | C |
| • Failure to follow the instructions of the probation officer. | C |

8. Most Serious Grade of Violation (see §7B1.1(b))  **C**
9. Criminal History Category (see §7B1.4(a))  **I**
10. Range of Imprisonment (see §7B1.4(a))  **3 - 9 months**

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

[X] (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

[ ] (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

[ ] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002

Case 1:02-cr-00072   Document 25   Filed 03/22/2007   Page 3 of 9

Defendant: **Carmelita Leon Guerrero Eay**

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    | | | | |
    |---|---|---|---|
    | Restitution ($) | $79,472.48 | Community Confinement | N/A |
    | S/A Fee | N/A | Home Detention | N/A |
    | CS Hours | 87 hours | Intermittent Confinement | N/A |

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: __N/A__ to __N/A__ years.

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from imprisonment: __57 months__

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

    None.

15. **Official Detention Adjustment** (see §7B1.3(e)): __0__ months __0__ days

Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002

Case 1:02-cr-00072    Document 25    Filed 03/22/2007    Page 4 of 9

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff, | )<br>)<br>) | CRIMINAL CASE NO. 02-00072-001 |
| vs. | )<br>) | **DECLARATION IN SUPPORT OF PETITION** |
| CARMELITA LEON GUERRERO EAY<br>Defendant. | )<br>)<br>)<br>) | |

Re:   Violation of Supervised Release Conditions;   Request for a Summons

I, U.S. Probation Officer Robert I. Carreon, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for Carmelita Leon Guerrero Eay, and in that capacity declare as follows:

On February 6, 2003, Carmelita Leon Guerrero Eay was sentenced in the District Court of Guam for the offense of Theft, Embezzlement and Misapplication of Bank Funds by Bank Employee, in violation of 18 U.S.C. § 656. She was ordered to serve sixteen months imprisonment and five years supervised release to follow with conditions that she participate in drug treatment and testing, submit to a mental health intake assessment and any recommended treatment, obtain and maintain lawful employment, pay $77,275.36 restitution, not incur any new credit charges or open additional lines of credit without the U.S. Probation Office's approval unless she is in compliance with the payment schedule, provide the U.S. Probation Office access to all financial information, perform 200 hours of community service; and pay a $100 special assessment fee.

On April 2, 2004, Camelita Eay was released from the custody of the Bureau of Prisons. An Informational Violation Report was filed on November 9, 2004, with a request for no action for a positive drug test. Conditions were modified on November 17, 2006, to require the defendant perform 100 hours of community service as a sanction for failure to report to the Probation Office for job search verification and assistance, and failure to submit outstanding monthly supervision reports. Conditions were again modified on February 5, 2007, to require the defendant participate in mental health counseling, perform community service at a minimum rate of 24 hours per week, and pay restitution at a minimum monthly rate of $150.00, as a sanction for noncompliance. Ms. Eay was placed on a structured supervision compliance plan by this Officer following violations outlined above. Specifically, this compliance plan required Ms. Eay to attend weekly meetings with

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release Conditions; Request for a Summons
Re:     EAY, Carmelita Leon Guerrero
USDC Cr. Cs. No. 02-00072-001
March 14, 2007
Page 2

the probation officer to monitor and verify her compliance activities, and to provide any assistance for any reported problems. The following report outlines her failure to adhere to this compliance plan. Ms. Eay is alleged to have committed the following violations, which are all in violation of *18 U.S.C. § 3583(d)*:

**Special Conditions**: *The defendant shall perform 100 hours of community service at a rate of 24 hours per week.*

On February 6, 2007, Ms. Eay reported to the U.S. Probation Office for a compliance meeting to address her failure to report for her weekly compliance appointment on February 5, 2007. She stated that she forgot about the appointment. Ms. Eay was also questioned as to why she had not performed any community service as instructed. She reported that she erroneously thought her start date was February 6, 2007, and not January 30, 2007, as was previously arranged. Ms. Eay agreed to begin performing her community service order beginning February 7, 2007, and that she would do so each week on Tuesday through Friday. She also reported that she was no longer employed. Ms. Eay was subsequently instructed to seek employment, and to report weekly to submit proof of her job search activities in addition to reporting for compliance verification and assistance. She was reminded to contact this Officer immediately to explain any failures to comply with any of the instructions given her.

On February 14, 2007, Ms. Eay failed to report to the U.S. Probation Office for her weekly compliance appointment. Upon being contacted, she apologized for her non-attendance and for not calling to provide an explanation. Ms. Eay further stated that she had only performed one day of community service, but failed to continue because of transportation problems. She again acknowledged her failure to explain her "no shows" to the probation office. She assured that with the assistance and coordination of transportation with family members, she could resume her community service schedule and weekly appointment with the probation office. Ms. Eay was instructed to return to compliance and to ensure that she communicates any further problems to this Officer.

On February 20, 2007, Ms. Eay failed to report to the U.S. Probation Office for her weekly compliance appointment. On this date, only a telephonic voicemail message was left by Ms. Eay's brother stating that she did not attend any appointments because she had been experiencing asthma attacks. This Officer noted continued failures to perform community service except for one day, February 16, 2007, when she only performed a half day. Ms. Eay failed to report to the probation office on February 26, 2007 for her weekly compliance appointment. She was contacted telephonically, and she informed that she reported to the probation office around noon, which was outside her regular appointment time. Ms. Eay acknowledged that she failed to call to explain her

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release Conditions; Request for a Summons
Re:   EAY, Carmelita Leon Guerrero
USDC Cr. Cs. No. 02-00072-001
March 14, 2007
Page 3

tardiness. She further informed that she has not performed any community service, nor sought employment, as required because she has been experiencing severe asthma attacks brought on by the hot sun while performing community service. This Officer noted that she last performed community service ten days prior on February 16, 2007. Ms. Eay stated that her asthma condition prevents her from performing community service, seeking employment, and from being physically able to call this Officer. She stated that she has not sought any emergency medical attention for her asthma condition because she has no health insurance. Ms. Eay was instructed to immediately seek free medical attention through the Department of Public Health and Social Services (DPHSS) and to contact this Officer the following day on her progress to seek treatment. She failed to contact this Officer the following day as instructed.

Ms. Eay reported to the probation office on March 5, 2006, again beyond her scheduled appointment time, and stated that she was too ill with cold symptoms to call this Officer to explain her tardiness. Ms. Eay could not explain why she did not call this Officer on February 17, 2007, as instructed to report on the status of her request for medical services from DPHSS. She stated that she was seen by a DPHSS doctor on February 17, 2007, and was treated for her asthma symptoms. In addition, Ms. Eay related that she was given a doctor's excuse prohibiting her from returning to work until March 5, 2007. She did not have any of the medical documentation she spoke of with her and promised to provide it to this Officer on March 6, 2007. Ms. Eay was admonished for her continuing violations and instructed to return to compliance. She related that she plans on resuming her community service schedule on March 6, 2007.

**Special Conditions**: *The defendant shall obtain/maintain gainful employment.*

As outlined above, Ms. Eay became unemployed on February 6, 2007. She was subsequently instructed by this Officer to actively seek employment and to report weekly to submit proof of job search activity. Ms. Eay failed to report to the U.S. Probation Office as instructed on February 14, 20, 2007. She reported to the probation office on March 5, 2007, but informed that she did not seek employment due to illness.

**Special Conditions**: *The defendant shall pay $77,275.36 restitution at a rate of $150 per month.*

Due to Carmelita Eay's unemployment and job search violations outlined above, She has been unable to make restitution payments according to the payment schedule ordered by the Court. In total, she has paid $1,700.00 towards her restitution order. The current restitution balance in this case is $79, 472.48.

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release Conditions; Request for a Summons
Re: EAY, Carmelita Leon Guerrero
USDC Cr. Cs. No. 02-00072-001
March 14, 2007
Page 4

**Standard Conditions**: *The defendant shall follow the instructions of the probation officer.*

As outlined above, Ms. Eay failed to report to this Officer for weekly compliance/job search appointments on February 14, 20, 26, 2007 and March 5, 2007. Subsequent to each "no show", she failed to call this Officer to explain her absence or tardiness as previously instructed. In addition, Ms. Eay failed to call this Officer to explain each community service "no show" since January 30, 2007. She failed to contact this Officer as instructed on February 27, 2007, to confirm her efforts to seek medical assistance from DPHSS relative to her reported asthma condition.

In addition to considering the violation issues outlined above, this Officer submits a request for the Court to make a ruling on a proposed modification of conditions relative to the mandatory drug testing condition under 18 U.S.C. § 3583(d). The modification requested is in response to Ninth Circuit Case Law, United States v. Stephens, and it's impact on the probation officer's authority to test offenders beyond completion of any drug treatment/testing condition. According to this case law, as Ms. Eay completed the drug treatment/testing program on September 22, 2005, there is no longer any authority to subject her to urinalysis, without consent. On January 29, 2007, Ms. Eay refused to submit to urinalysis at the request of this Officer, and also declined a request to modify release conditions for such testing during the course of supervision. Background on United States v. Stephens is provided as follows:

On September 2, 2005, the Ninth Circuit, in United States v. Stephens, No. 04-50170, addressed 18 U.S.C. § 3583(d) supervised release and 18 U.S.C. §3563(a)(5) probation mandatory testing conditions which requires that the district court determine the maximum number of mandatory drug tests. The Ninth Circuit held that because the statute requires the district court to determine the maximum number of drug tests under the mandatory condition, transferring this duty to the probation officer was an improper delegation of Article III judicial power.

To assist the Court in determining the appropriate number of drug tests, the undersigned officer has evaluated Carmelita Leon Guerrero's history of drug use, and the drug detection period of her drug of choice. As methamphetamine is Ms. Eay's drug of choice and has a normal detection period of four days or less, it is recommended that the maximum number of tests the court order per month be set at eight. This will allow for adequate time intervals between tests which will help facilitate the detection of use. It also provides for enough additional tests so that the pattern of testing will not be predictable to the offender.

To address the implications of United States v. Stephens Ninth Circuit No. 04-50170, it is respectfully requested that the Court modify Ms. Eay's mandatory condition to set the maximum number of tests that he must submit. It is therefore recommended that the mandatory condition be modified as follows:

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release Conditions; Request for a Summons
Re: EAY, Carmelita Leon Guerrero
USDC Cr. Cs. No. 02-00072-001
March 14, 2007
Page 5

> "The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer."

**Supervision Compliance:** Ms. Eay completed the original order for drug treatment and testing and mental health treatment on September 22, 2005. She completed the original 200-hour order for community service on June 2, 2004. Of the 100 hours of community service ordered as a sanction for non-compliance on November 17, 2006, Ms. Eay has completed 21 hours. She paid $1,700.00 towards restitution and paid the $100 special assessment fee on February 6, 2003.

**Recommendation:** This Officer respectfully requests that the Court issue a Summons for Carmelita Leon Guerrero Eay to appear at a hearing to answer or show cause why supervised release should not be revoked pursuant to 18, U.S.C. § 3583.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Executed this 14th day of March 2007, at Hagatna, Guam, in conformance with the provisions of 28 U.S.C. § 1746.

Respectfully submitted,

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

By: _____
ROBERT I. CARREON
U.S. Probation Officer

Reviewed by:

_____
ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

cc: Marivic P. David, AUSA
    John T. Gorman, Federal Public Defender
    File