PROB 12C
(7/93)

# United States District Court

for

*District of Guam*

**Petition for Warrant or Summons for Offender Under Supervision**

Name of Offender: **Carmelita Leon Guerrero Eay**     Case Number: **CR 02-00072-001**

Name of Sentencing Judicial Officer:     John S. Unpingco

Date of Original Sentence:     February 6, 2003

Original Offense: Theft, Embezzlement and Misapplication of Bank Funds by Bank Employee, in violation of 18 U.S.C. § 656.

Original Sentence: 16 months imprisonment and five years supervised release to follow. Special conditions ordered the defendant to participate in drug treatment and testing; submit to a mental health intake assessment and any recommended treatment; obtain and maintain lawful employment; pay $77,275.36 restitution; not incur any new credit charges or open additional lines of credit without the U.S. Probation Office's approval unless she is in compliance with the payment schedule; provide the U.S. Probation Office access to all financial information; perform 200 hours of community service; and pay a $100 special assessment fee. **Informational Report filed on November 9, 2004**. **Conditions modified on November 17, 2006**, to require the defendant perform 100 hours of community service as a sanction for noncompliance. **Conditions modified on February 5, 2007,** to require the defendant participate in mental health counseling; perform community service at a minimum rate of 24 hours per week; and pay restitution at a minimum monthly rate of $150.00, as a sanction for noncompliance. **Conditions modified on April 10, 2007,** to include that she refrain from any unlawful use of a controlled substance, and submit to one drug test within 15 days of release and at least two periodic drug tests thereafter, not to exceed eight per month, as directed by the U.S. Probation Office; and a six month continuance to address violations filed on March 22, 2007 and March 29, 2007.

Type of Supervision:     Supervised Release     Date Supervision Commenced:     April 2, 2004

Assistant U.S. Attorney:     Marivic P. David     Defense Attorney:     John T. Gorman

**PETITIONING THE COURT**

[X] To issue a warrant.

[ ] To issue a summons.

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number | Nature of Noncompliance [All in violation of 18 U.S.C. § 3583(d)]
---|---
1. | Failure to obtain/maintain gainful employment.
2. | Failure to pay restitution.
3. | Failure to follow the instructions of the probation officer.
4. | Failure to report to the probation office (4/23/07; 4/30/07; 5/7/07; 5/14/07; 5/21/07)
5. | Failure to report for mental health treatment counseling (5/5/07; 5/7/07; 5/12/07).

U.S. Probation Officer Recommendation:

☐ The term of supervision should be

☒ revoked.

☐ extended for _____ years, for a total term of _____ years.

☐ The conditions of supervision should be modified as follows:

**Please see attached**
*Declaration in Support of Petition,*
*Violation of Supervised Release Conditions;*
*Request for a Warrant,*
**submitted by U.S. Probation Officer Robert I. Carreon.**

Reviewed by:

/s/ ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

Date: June 6, 2007

I declare under penalty of perjury that the forgoing is true and correct.

/s/ ROBERT I. CARREON
U.S. Probation Officer

Executed on: June 6, 2007

**THE COURT ORDERS:**

☐ No Action.

☐ The Issuance of a Warrant.

☐ The Issuance of a Summons.

☐ Other.

# VIOLATION WORKSHEET

1. Defendant **Carmelita Leon Guerrero Eay**

2. Docket Number (Year-Sequence-Defendant No.) **CR 02-00072-001**

3. District/Office Guam

4. Original Sentence Date   2 / 6 / 03
                            month  day  year

(If different than above):

5. Original District/Office    N/A

6. Original Docket Number (Year-Sequence-Defendant No.)    N/A

7. List each violation and determine the applicable grade (see §7B1.1(b))

| Violation(s) | Grade |
|---|---|
| • Failure to obtain/maintain gainful employment. | C |
| • Failure to pay restitution. | C |
| • Failure to follow the instructions of the probation officer. | C |
| • Failure to report to the probation office (4/23/07; 4/30/07; 5/7/07; 5/14/07; 5/21/07). | C |
| • Failure to report for mental health treatment counseling (5/5/07; 5/7/07; 5/13/07). | C |

8. Most Serious Grade of Violation (see §7B1.1(b))    **C**

9. Criminal History Category (see §7B1.4(a))    **I**

10. Range of Imprisonment (see §7B1.4(a))    **3 - 9** months

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

[X] (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

[ ] (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

[ ] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002

Case 1:02-cr-00072    Document 37-2    Filed 06/13/2007    Page 1 of 2

Defendant: **Carmelita Leon Guerrero Eay**

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    | | | | |
    |---|---|---|---|
    | Restitution ($) | $79,472.48 | Community Confinement | N/A |
    | S/A Fee ($) | N/A | Home Detention | N/A |
    | CS Hours | 87 hours | Intermittent Confinement | N/A |

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: N/A to N/A years.

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from imprisonment: 51 - 57 months

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

    None.

15. **Official Detention Adjustment** (see §7B1.3(e)):   0   months   0   days

Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002

Case 1:02-cr-00072   Document 37-2   Filed 06/13/2007   Page 2 of 2

# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF GUAM


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 02-00072-001 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DECLARATION IN SUPPORT OF PETITION** |
| vs. | ) | |
| | ) | |
| CARMELITA LEON GUERRERO EAY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Re:** Violation of Supervised Release Conditions; Request for a Warrant

I, U.S. Probation Officer Robert I. Carreon, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for Carmelita Leon Guerrero Eay and in that capacity declare as follows:

On March 29, 2007, Carmelita Leon Guerrero Eay made an initial appearance on an Order to Show Cause Hearing before the Honorable Judge Joaquin V. E. Manibusan, Jr. At the request of Federal Public Defender, John T. Gorman, the matter was continued to April 10, 2007, in order to allow time for he and Ms. Eay to discuss the alleged violations. On April 10, 2007, the Court continued the matter for six months, to October 10, 2007, at the recommendation of this Officer to consider recent compliance and to allow Ms. Eay an opportunity to present her ability to show sustained compliance behavior. Ms. Eay was admonished for her non-compliance and explicitly instructed by the Court to work with the U.S. Probation Office to return to full compliance. In addition, the Court approved the request to modify Ms. Eay's supervised release conditions to include that she submit to urinalysis throughout her term of supervised release, at a maximum of 8 tests per month.

On April 16, 2007, Ms. Eay reported to the probation office for compliance status meeting. She was reminded that her adjustment during the next six months will be re-assessed by the Court on October 10, 2007, and that she must return to full compliance. Ms. Eay was placed on a more

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release Conditions; Request for a Warrant
Re:     EAY, Carmelita Leon Guerrero
USDC Cr. Cs. No. 02-00072-001
June 6, 2007
Page 2


intensive supervision reporting plan consisting of weekly appointments with this Officer for compliance meetings and to verify job search activity (at a rate if 6 job applications per week), weekly mental health counseling, and random urinalysis. She was advised to call this Officer to explain any missed appointments.

Ms. Eay is alleged to have committed the following violations, which are all in violation of *18 U.S.C. § 3583(d)*.

**Standard Condition**: *The defendant shall follow the instructions of the probation officer.*

Since being place on a more intensive supervision compliance plan on April 16, 2007, Ms. Eay has failed to report to the probation office for weekly compliance meetings on April 23, 2007, April 30, 2007, May 7, 2007, May 14, 2007, and May 21, 2007. She reported to this Officer on May 1, 2007, and stated that she missed her appointments on April 23, and 30, 2007, because of illness. She failed to answer, however, why she did not contact this Officer previously to explain her "no shows". This meeting on May 1, 2007, was the last contact this Officer has had with Ms. Eay. Numerous telephone calls to her home and family members were made without success in an attempt to have her return to compliance. Ms. Eay left a voicemail message for this Officer on May 18, 2007, indicating only that she was returning this Officer. She did not leave a contact number, a reason for her continuing violations, nor did she state an intent to meet with this Officer.

**Special Condition:** *The defendant shall obtain/maintain gainful employment.*

As outlined above, Ms. Eay failed to report to the probation office for compliance meetings which also required that she submit proof of job search activity. At her last meeting with this Officer on May 1, 2007, she submitted an incomplete job search form, which did not include dates of submission and was below the number of applications required of her. Ms. Eay stated then that she would more than likely be hired the following week with a company that showed an interest. She was advised to contact this Officer to confirm her employment, should it occur. She has not contacted this Officer since May 1, 2007.

**Special Conditions**: *The defendant shall pay $77,275.36 restitution at a rate of $150 per month.*

Due to Carmelita Eay's continuing unemployment and failure to seek employment, she has been unable to pay restitution. The current restitution balance remains at $79, 472.48.

**Special Condition**: *The defendant shall undergo a mental health assessment approved by the U.S. Probation Office and shall submit to any recommended treatment as a result of that assessment.*

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release Conditions; Request for a Warrant
Re: EAY, Carmelita Leon Guerrero
USDC Cr. Cs. No. 02-00072-001
June 6, 2007
Page 3

Ms. Eay failed to report for scheduled mental health therapy sessions on May 5, 2007, May 7, 2007, and May 13, 2007. According to mental health treatment provider, Dr. Judith Avery of the Marianas Psychiatric Services (MPS), Ms. Eay failed to attend her scheduled appointment on May 5, 2007. She called MPS, however, and arranged for a rescheduled appointment on May 7, 2007, but also failed to attend. Ms. Eay failed to contact MPS or the probation office to explain her "no shows".

**Supervision Compliance:** On April 11, 2007, Ms. Eay completed the 100 hour community service order, which was a modification of November 17, 2006.

**Recommendation:** In light of the continuing violations in this case, and the documented failures to report to the probation office, this Officer respectfully requests that the Court issue a Warrant of Arrest for Carmelita Leon Guerrero Eay, and upon its execution, she appear at a hearing to answer or show cause why supervised release should not be revoked, pursuant to 18 U.S.C. § 3583(e)(3).

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Executed this 6th day of June 2007, at Hagatna, Guam, in conformance with the provisions of 28 U.S.C. § 1746.

Respectfully submitted,

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

By:   /s/ ROBERT I. CARREON
U.S. Probation Officer

Reviewed by:

/s/ ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

cc: Marivic P. David, AUSA
John T. Gorman, Federal Public Defender
File